IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TONI WITT,**

        **Plaintiff,**

vs.                                                                                         **No. CIV 04-0207 RB/LFG**

**CHARLES EUGENE PERDUE and**
**ALBERT E. YOUNG,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant Young's Motion to Dismiss Complaint Under Rule 37 of the Federal Rules of Civil Procedure (Doc. 45), filed on February 24, 2005. Jurisdiction arises under 28 U.S.C. §1332. Having reviewed the record de novo, considered the arguments of counsel, and being otherwise fully advised, I find that the motion to dismiss should be granted.

**I.    Background.**

On October 20, 2001, Plaintiff Witt was a passenger in a tractor trailer driven by her former husband and fellow employee, Charles Perdue. While traveling on Interstate 40 through Torrance County, New Mexico, the tractor trailer was involved in a collision with Young's vehicle. Witt alleges that she sustained injuries as a result of the accident. On February 23, 2004, Witt filed suit in this Court against Perdue and Young, asserting claims for negligence. The claims against Perdue were dismissed by stipulation on November 2, 2005.

The case was assigned to the Honorable William D. Schneider, United States Magistrate Judge. The parties consented to the exercise of jurisdiction by Judge Schneider pursuant to 28

U.S.C. 636(c). On August 2, 2005, the case was reassigned to me and consolidated with *Perdue v. Young,* CIV 04-1179 RB/LFG,[1] a case that arose out of the same accident. Before the case was reassigned and consolidated, Judge Schneider held an evidentiary hearing on the motion to dismiss.

On August 15, 2005, Judge Schneider issued findings and recommendations that I either dismiss the claims against Young in their entirety, or at a minimum, limit any damages resulting from the shoulder injury to the treatment received immediately after the accident, and exclude evidence of any subsequent surgeries or of any permanent impairment attributable to the accident. Witt filed objections and amended objections to the recommended disposition. On September 29, 2005, Judge Schneider issued findings and recommendations, opining that the objections were without merit and standing by his original findings and recommendation. No objections were filed to September 29, 2005 findings and recommendations.

**II.     Standard.**

The district judge to whom the case is assigned must make a de novo determination upon the record of any portion of the magistrate judge's disposition to which specific written objection has been made. *See* 28 U. S. C. § 636(b)(1); FED. R. CIV. P. 72(b); *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). Although Witt did not file objections to the second findings and recommendations, I will consider the points raised in her objections and amended objections because the same issues were addressed in both the original and the second findings and recommendations.

---

[1] On October 20, 2005, *Perdue v. Young,* CIV 04-1179 RB/LFG, was dismissed by stipulation pursuant to a settlement.

**III.     Discussion.**

Rule 37(d)(2) authorizes a trial court to dismiss a case if a party fails to answer interrogatories as required by Rule 33. *See* FED. R. CIV. P. 37(b)(2)(C) and 37(d)(2). Prior to imposing a sanction as severe as dismissal, however, a court should consider the following factors: (1) the degree of actual prejudice suffered by defendant; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court advised the litigant that dismissal would be a likely result of further violations; and (5) the effectiveness of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1993). These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. *Id*.

For purposes of the discussion that follows, I adopt Judge Schneider's factual findings from his findings and recommendations. With respect to the first *Ehrenhaus* factor, I find that Young has been substantially prejudiced in the preparation of his case by Witt's failure to accurately and completely respond to discovery. Without truthful responses to the interrogatories, Young was unable to adequately prepare his case. Witt's evasive and deceptive answers significantly increased costs for Young because he had to depose her in an effort to obtain complete information. The incomplete information regarding medical treatment forced Young to investigate in several states in order to discover information that should have been provided by Witt. Young was compelled to file and pursue a motion to dismiss pursuant to Rule 37. At the evidentiary hearing, Witt testified to over 100 additional instances of medical treatment since 1985. Under these circumstances, there can be no doubt that Young was prejudiced by Witt's deception and the resulting delay. *See Ehrenhaus*, 965 F.2d at 921 (finding prejudice in undue delay and mounting attorney fees).

The second *Ehrenhaus* factor is met in that Witt's behavior significantly interfered with the

judicial process. Witt failed to truthfully and completely respond to interrogatories. Witt was not forthright in her response to deposition questions concerning subsequent shoulder injuries. Witt's behavior necessitated an evidentiary hearing before Judge Schneider. Witt wasted the time and resources of Judge Schneider and Young's counsel, thereby substantially interfering with the judicial process.

The egregious nature of Witt's disregard for the truth demonstrates that Witt willfully engaged in deceptive conduct. Witt's excuses for the omissions and inaccuracies include a difficult life, an extensive medical history, poor memory, and deficiencies in her attorney's office. Witt claims that the interrogatories were read to her over the telephone by her attorney's staff while she was on pain medication. Witt claims to have answered truthfully, and blames the staff for the false and incomplete answers.

Instead of explaining these alleged serious shortcomings in his office, counsel for Witt argues that the false responses were immaterial because Witt signed medical releases. As Judge Schneider cogently pointed out, the issue is not what Young was able to find, but what is out there that he was not able to find. At the evidentiary hearing, Witt testified that she had visited medical providers at least 151 times since 1985. Prior to the hearing, counsel for Young was aware of only thirty-four visits. Counsel for Young stated at the evidentiary hearing that he was combing various states at a considerable expense to uncover Witt's medical records necessitated by her inconsistent and inaccurate responses. The discovery rules were adopted precisely to prevent this sort of "catch me if you can" litigation.

Witt blames her attorney's staff for the omissions and inaccuracies in the responses. Ultimately, the responsibility for correct responses rests with the litigant. *See* FED. R. CIV. P.

4

37(b)(2)(C) and 37(d)(2); *see also National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (extreme sanction of dismissal not an abuse of discretion by reason of parties' "flagrant bad faith" and their counsel's "callous disregard" of responsibilities).

The record establishes that Witt had the opportunity to verify that her answers were correct. When the verification page for her interrogatory answers was sent to her for notarized signature, Witt swore that the answers were correct, although she maintains that the answers were not sent to her for her review. Witt never read the answers after they were prepared and never made any inquiry about them. What's more, the deception did not stop at the interrogatory level. At her deposition, Witt was intentionally deceptive with regard to subsequent injuries to her shoulder. The subsequent injuries to her shoulder were obviously and directly relevant to her claim. The record clearly establishes that Witt willfully engaged in deceptive conduct. The third *Ehrenhaus* factor has been satisfied.

The fourth *Ehrenhaus* factor inquires whether the court advised the litigant that dismissal would be a likely result of further violations. On the verification page of the interrogatory responses, Witt swore that she read, knew, and understood the content of her answers and that the statements therein were true to the best of her knowledge. Witt testified at the evidentiary hearing that her responses were "not accurate at all." Witt was placed under oath at her deposition, yet she gave evasive and deceptive testimony. Based on the willful and deceptive nature of Witt's conduct, I find that an additional warning was unnecessary.

Finally, as to the fifth factor, dismissal is usually appropriate only where lesser sanctions would not serve the interests of justice. *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). Thus, in cases where a claimant fails to obey a court order, through inadvertence or simple neglect,

the deterrent effect can usually be achieved through lesser sanctions. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). However, it is not an abuse of discretion for the district court to impose dismissal as a sanction where there has been egregious conduct by a party in the discovery process that interferes with the judicial process. *Archibeque v. Atchison, Topeka and Santa Fe Railway Co.*, 70 F.3d 1173 (10th Cir. 1995). The nature of Witt's deceptive behavior demonstrates that a lesser sanction than dismissal would not be proper or effective in this case.

**WHEREFORE,**

**IT IS ORDERED** that the findings and recommendations of Judge Schneider are adopted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint Under Rule 37 of the Federal Rules of Civil Procedure (Doc. 45), filed on February 24, 2005, is **GRANTED**.

*/s/ Robert Brack*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**